JOHN O'DONNELL *vs*: ALFRED S. JOHNSON.

APRIL 13, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, and Baker, JJ.

*(1) Evidence. Foreign Laws.*

In an action arising out of a collision in the State of Massachusetts between two automobiles driven respectively by plaintiff and defendant, both residents of this State, it was error to permit defendant to interrogate plaintiff as to the rule of the road in the State of Massachusetts, where there was no evidence that plaintiff was qualified to testify as an expert upon the laws of that state, and to instruct the jury that such testimony should govern them as to the law in that regard.

*(2) Evidence. Foreign Laws.*

Upon appeal the court cannot take judicial notice of the statute law of another state. Such statutes are matters of fact to be pleaded and proved.

*(3) Evidence. Foreign Laws.*

Without deciding that parole evidence would never be admissible as to the laws of another state, evidence of such provisions should not be admitted without examination into the qualifications of the witness and solely upon the statement of the witness that he knows the laws of such state.

*(4) Evidence. Foreign Laws. Common Law.*

Without evidence to the contrary there is no basis for the presumption that the common law has been modified in another state or that the statute law of such state is the same as our own, but it will be presumed that the common law prevailing in another state is the same as in this State.

*(5) Evidence. Foreign Laws. Rule of the Road.*

In an action arising out of a collision in Massachusetts between two automobiles driven by plaintiff and defendant, both residents of this State, in the absence of reliable evidence as to the law of Massachusettts as to the rule of the road, the court should have applied the common law as it is generally recognized and as it prevailed in this State before it was modified by statute, *i. e.* that a traveler on the highway is not obliged to turn his vehicle aside for another traveling in the same direction if there be convenient room for the other to pass upon either side.

*(6)   Automobiles.   Negligence.   Law of the Road.*

Where plaintiff and defendant were driving automobiles along a highway in the same direction, plaintiff being in front on the left of the centre of the road and defendant attempted to pass him upon the left and both traveled beside each other for some distance, defendant gradually drawing ahead, unless defendant was in some way misled by the conduct of plaintiff, he would not be justified in turning to the right in front of plaintiff until he was so far ahead that he might do so with safety, and while the failure of plaintiff to turn to the right might have been in violation of the statute, if his acts indicated clearly that he did not intend to turn in that direction and he did not turn to the left or accelerate his speed, his act was not necessarily negligence, but whether plaintiff upon the facts was guilty of contributory negligence was a question for the jury under proper instructions.

TRESPASS ON THE CASE.   Heard on exceptions of plaintiff and sustained.

SWEETLAND, J.   This is an action of trespass on the case to recover damages for injuries to the plaintiff's automobile alleged to have been caused by the negligence of the defendant.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the defendant. Said justice denied the plaintiff's motion for a new trial. The case is before us on the plaintiff's exceptions to certain rulings of said justice made at the trial and to the decision of said justice denying the motion for a new trial.

It appears in the transcript of the evidence that the alleged injuries resulted from a collision between an automobile operated by the defendant and one operated by the plaintiff.   Just previous to said collision, in the forenoon of a clear day, the plaintiff and defendant were proceeding at a moderate rate of speed, in the same direction along one of the highways, in the commonwealth of Massachusetts, which leads to the Slade's Ferry Bridge, across the Taunton River.   Said highway for over eight hundred feet in either direction from the place of the accident was straight and level, was about twenty-five feet in width, and was not occupied by any vehicle other than said automobiles.   A

short time before the accident, at an electric railroad crossing on said highway, the plaintiff claims that he slowed down his automobile almost to a stop as a precaution for safety before crossing the electric railroad track.   The defendant, who was following the plaintiff at that time, claims that the plaintiff stopped his machine without warning and so quickly that it was with great difficulty that the defendant was able to prevent his automobile from running against that of the plaintiff.   Because of this occurrence the defendant spoke sharply to the plaintiff at the crossing; and the testimony warrants the conclusion that the plaintiff and defendant were each irritated by the conduct of the other, as they proceeded along the highway, the plaintiff in advance and the defendant following closely behind.   The plaintiff testified that he kept to the right of the center of the highway, leaving ample space on the left for the defendant to go by, if the defendant should wish to do so; and that the defendant did go by, but turned so sharply to the right in front of the plaintiff that the right rear wheel of the defendant's machine struck the left front wheel of the plaintiff's machine, causing the plaintiff to lose control of his machine, which ran off the highway into a rough and stony field at the right causing the injuries of which the plaintiff complains. The defendant testified that he gave notice to the plaintiff of his desire to go ahead by blowing the horn on his automobile; but that the plaintiff proceeded in the center or on the left of the center of the highway and did not leave sufficient space on the left of the road for the defendant to pass on that side.   The defendant further testified:   "51 Q. And when you got at a point about three-tenths of a mile from the turn in the road what happened there?   A. Why, I saw a place there where it looked as if there was an opportunity of passing him by going out on the grass, and I did so.   I got along even with him and I asked Mr. O'Donnell why he didn't get over on his own side of the road. He paid absolutely no attention to me.   He kept right along in a straight line.   When I had gone what I supposed was

a sufficient distance to clear him I turned back and gradually, as is customary, to get on the right hand side of the road."

The testimony of the plaintiff and that of defendant is supported, respectively, by the testimony of other witnesses produced on either side. The jury found for the defendant and we shall treat the testimony of the defendant as correctly stating the relative positions of the two automobiles at the time of collision. Whatever may have been the space on the left of the plaintiff's machine at that time it is clearly shown by the testimony that the defendant had increased his speed; had proceeded alongside the plaintiff's automobile for about one hundred and twenty-five feet; had nearly reached a point in advance of the plaintiff, and had turned his machine towards the right of the road when the right rear wheel of his machine struck against the left front wheel of the plaintiff's machine. It is equally plain that the plaintiff was proceeding at a slow rate of speed, did not increase his speed and did not turn to the left or the right just previous to the accident or while the two machines were traveling alongside each other.

In addition to their general verdict the jury were required to answer the following questions submitted to them by said justice: "First, did the plaintiff at the time and place of the collision leave room enough at his left for the defendant to pass him in safety and without striking the plaintiff's machine? Second, did the plaintiff block the road ahead of the defendant before the defendant attempted to pass the plaintiff? Third, at the time when the two automobiles were traveling side by side in Johnson's attempt to pass O'Donnell were Johnson's wheels at the left running in the grass at the left of the macadam?" The first of these questions the jury answered in the negative. The second and third, the jury answered in the affirmative.

(1) The plaintiff excepted to the ruling of said justice permitting counsel for the defendant to interrogate the plaintiff in cross-examination as to the laws of Massachusetts regulating the conduct of travelers in automobiles upon the highways

of Massachusetts; and the plaintiff further excepted to certain instructions to the jury, given by said justice, which instructions, the plaintiff claims were based upon the erroneous assumption by said justice that the laws of Massachusetts in that regard were correctly stated in the testimony of the plaintiff.

The claim of the plaintiff was that at the time of the accident and for some time before he was on the right of the road and that the defendant turned sharply to the right in front of him before the defendant had proceeded far enough ahead to do so with safety. In his direct testimony the plaintiff, without objection, testified that he knew the rule of the road in Massachusetts and that "you are supposed to pass on the left and not turn front until you have got ample room to clear the car." In cross-examination, against the objection of his counsel, the plaintiff was required by the court to state his understanding of the laws of Massachusetts governing the use of the highways in other particulars relating to the duty of the driver of an automobile, when the driver of one at his rear, going in the same direction, desires to pass to the front. The plaintiff was a resident of the city of Providence. He was a dealer in real estate and automobiles. It did not appear that he was at all qualified to testify as an expert upon the laws of Massachusetts. In the course of his testimony he said "I didn't know I was testifying here as an expert on Massachusetts laws;" yet on the strength of his testimony in direct examination above quoted, the justice presiding ruled that the plaintiff was an expert qualified to testify thus and should give his interpretation of the statute law of Massachusetts. This was the only evidence given at the trial with reference to the rule of the road under the laws of Massachusetts. In his instructions to the jury said justice adopted the testimony of the plaintiff in cross-examination as the law to govern the jury in their consideration of the case. The rulings of said justice in admitting this testimony were erroneous as was also the subsequent use of this testi-

mony in the charge to the jury. In his argument before us the plaintiff's counsel has claimed that the plaintiff's (2) testimony in cross-examination as to the Massachusetts rule of the road was incorrect; but we, as well as the Superior Court, cannot properly take judicial cognizance of the statute law of another state. Statutes of other states are matters of fact to be pleaded and proved; and parties who rely upon them must produce satisfactory proof of their provisions. Our statute provides a convenient method for such proof. Gen. Laws, 1909, Chapter 292, § 49, prescribes, among other things, that a copy of the statutes of any state purporting to be published by authority of such state shall be admitted in all our courts as *prima facie* evidence of the laws of such state. As a general rule such evidence or the copy of a statute authenticated under the seal of such other state should be required as the exclusive methods of satisfactory proof. Without determining whether under any circumstances parole evidence would be admissible as to the statutory provisions of another state, it is plain that courts should not admit in evidence (3) and treat as correct the testimony of a witness as to such provisions, without examination as to his qualification, and solely on the authority of his statement that he knows the laws of another state.

This court, in conformity with the generally accepted rule, has held that, in the absence of satisfactory proof to the contrary, there is no basis for the presumption that the common law has been modified in any particular in another (4) state or that the statute law of another state is the same as our own; but that courts do presume that the common law as it prevails in another state is the same as in Rhode Island. *O'Reilly* v. *N. Y. & N. E. R. R. Co.*, 16 R. I. 388. In the absence of reliable evidence of any statutory rule of the road in Massachusetts we must presume that travel with vehicles on the highways in Massachusetts is regulated by the common law as it is generally recognized and as it prevailed in Rhode Island before it was modified by statute. That

is the law which in the state of the evidence should have been applied to the facts of this case. It is the rule of the common law that a traveler on the highway is not obliged to turn his vehicle aside for another traveling in the same direction if there be convenient room for the other to pass upon either side, and a traveler may pass a vehicle ahead of him upon either side provided he can do so with safety. In the case at bar according to the testimony of the plaintiff and his witnesses there was ample room on the left of the plaintiff for the defendant to pass, and according to the testimony of the defendant and his witnesses there was ample room on the right for the defendant to pass. If the plaintiff was in the center of the road there was suitable space on either side to permit the defendant to go by. According to the defendant's testimony the plaintiff did' not turn to the right or left and thus obstruct the defendant's passage on one side or the other. Under the rule of the common law, no sufficient reason appears why the defendant should not have passed the plaintiff without injury, either to himself or to the plaintiff.

In his general charge the justice presiding instructed the jury that if the defendant gave to the plaintiff a signal that he wished to pass, "then it was incumbent upon the plaintiff to bear to the right so as to give the defendant an opportunity to go by." The plaintiff excepted to the following instruction to the jury given at the request of the defendant with the modification following: "The fourth request is that if the plaintiff's automobile was running in the middle or to the left of the middle of the road the defendant was legally entitled to assume that the plaintiff would turn to the right immediately upon knowing that the defendant was overtaking him with the desire of passing; and the defendant, in beginning to pass on the left, could legally act upon the assumption that the plaintiff would so turn to the right to make safe and ample passage for the defendant on the left, and this is so whether the plaintiff so knew before the defendant had actually begun

to pass, or so knew when the two automobiles began to run side by side.

"I grant that request with the same restriction as the last one that it would be the duty of the plaintiff to turn to the right sufficiently to give the defendant an opportunity to go by without interference by the plaintiff's automobile. He would not be obliged to go to the extreme right of the road, but he would be obliged under the law if he was in the middle or the left hand side of the road to operate his automobile towards the right hand side of the road sufficiently to enable the defendant to go by."

By the admission of the testimony above considered and by the judge's charge it was impressed upon the jury that if the plaintiff was traveling on the left of the road it was his duty to turn to the right and permit the defendant to pass upon the left. This was undoubtedly prejudicial to the plaintiff; for if they believed the defendant's witnesses as to the relative positions of the automobiles they must have considered that the plaintiff was acting in violation of some statutory requirement.

(6)    Under the law of the road as charged by the justice and taking the testimony of the defendant and his witnesses as true it is not clear that the plaintiff was guilty of contributory negligence as claimed by the defendant. It is a question to be submitted to the jury under proper instruction. Assuming that the plaintiff was traveling on the left of the center of the road, that the defendant attempted to pass the plaintiff upon the left and the machines traveled beside each other for one hundred and twenty-five feet, the defendant drawing ahead, unless the defendant was in some way misled by the conduct of the plaintiff, the defendant would not be justified in turning to the right in front of the plaintiff, until he was so far ahead of the plaintiff that he might do so with safety. The failure of the plaintiff to turn to the right and give the defendant more room, may be the subject of criticism as showing a lack of courtesy and of a proper spirit of accommodation, he may have been acting in dis-

regard of some statutory provision, if such exists, but it was not necessarily negligent conduct, contributing to the plaintiff's injury. If the plaintiff's acts clearly indicated that he did not intend to turn to the right, and he did not turn at all to the left or accelerate his speed, the defendant cannot be permitted either wilfully or negligently to turn to the right against the plaintiff's machine and escape liability on the ground that the plaintiff was guilty of contributory negligence in having his machine in that place.

It is unnecessary to consider the other exceptions of the plaintiff. There should be a new trial at which any statute of Massachusetts bearing upon the case, if there be one, may be properly introduced, and at which the jury may be more fully instructed as to the question of contributory negligence in the circumstances of the case, with reference to any statutory provision involved.

The case is remitted to the Superior Court for a new trial.

*John W. Hogan, Philip S. Knauer*, for plaintiff.

*Boss and Barnefield*, for defendant.